IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

MARTIN E. ROMERO and
DENNIS C. ROMERO,

        Petitioners,

v.                                                                  No. CIV 08-422 BB/WDS

RONALD BERNELL,

        Respondent and Third-Party Plaintiff,

v.

ELIU E. ROMERO,

        Third-Party Defendant.


MEMORANDUM OPINION
AND
ORDER OF PARTITION

       THIS MATTER is before the Court on a Petition to Partition [Doc. 22] a section

of land in Taos County.  The Court having considered the briefs of counsel and having

held oral argument on November 13, 2008, and performed additional research, finds

the Petition for Partition should be Granted.

*Discussion*

       Petitioners Martin E. Romero and Dennis C. Romero allege they are owners as

tenants in common of Section 11, Township 27 North, Range 10 East, N.M.P.M., located

approximately eight miles east of Tres Piedras, Taos County, New Mexico.  Petitioners

also own Section 12 which adjoins Section 11 on the west, and they also own Section 15

which is located to the southwest of Section 11.  They seek to partition the land under

NMSA 1978 § 42-5-1 (2007 Cum. Supp.).  That provision provides:

> When any lands, tenements or hereditaments shall be owned in
> joint tenancy, tenancy in common or coparcenary, whether the right or
> title be derived by donation, grant, purchase, devise or descent, it shall be
> lawful for any one or more persons interested, whether they be in
> possession or  not, to present to the district court their complaint in
> chancery, praying for a division and partition of such premises, according
> to the respective rights of the parties interested therein, and for a sale
> thereof, if it shall appear that partition cannot be made without great
> prejudice to the owners.

Respondent opposes the Petition for Partition on the ground that "the property

cannot equitably be partitioned because the principal value of the property appears to

be for a wind farm development."  (Resp. Br. p. 2).  This is based on Respondent's

underlying premise "that wind power rights, like mineral rights, are not capable of

being partitioned."  (Resp. Br. p. 4).

Partition is a remedy much favored by the law.  *Sims v. Sims*, 930 P.2d 153, 164

(N.M. 1996).  This is because "[p]artition serves peace, promotes the enjoyment of

property, and advances industry and enterprise."  *Id.*  Under New Mexico law, a

cotenant is therefore entitled to a partition as a matter of right, not merely as a matter

of grace, within the discretion of the court.  *Martinez v. Martinez*, 650 P.2d 819, 823-4

(N.M. 1982).  It can be denied only when the partition is against public policy, legal

principles, equitable principles or is waived by an agreement of the parties.  *Id.*

Respondent's argument that he <u>might be</u> disadvantaged in the future <u>if</u>

Petitioners develop a wind farm and if his share of the partitioned land is not invited

to participate, is too speculative to contemplate.   Initially, the Court rejects

Respondents' premise that wind is analogous to minerals *in situ*.  While New Mexico

has no relevant statutory or case law on the subject,[1] it does not appear minerals in the

ground are the appropriate commodity to create a legal paradigm to analyze wind

power.   Minerals in place are considered real estate in New Mexico.   *Bolack v.*

*Underwood*, 340 F.2d 816 (10th Cir. 1965).   When severed they become personal

property.  *Townsend v. State ex rel. State Highway Dept.*, 871 P.2d 958 (N.M. 1994).

Wind is never embedded in the real estate; rather, it is more like water or wild animals

which traverse the surface and which do not belong to the fee owner until reduced to

possession.  Attorney Terry Hogwood made this comparison:

> Strictly speaking, the ownership of wind is a misnomer.  Wind, in
> and of itself, does not appear to be susceptible of any ownership.  It is not
> like oil and gas in place where there is a deposit of hydrocarbons which
> can be reduced to possession by one or more mineral owners of the tracts
> under which the hydrocarbon deposit resides.  Wind itself is more akin to
> a wild animal or percolating waters which must first be reduced to
> possession before they have value.   To reduce wind to "possession"
> appears to require that it be focused on driving the fins of a windmill

---

[1]     Wind is recognized as an alternative fuel in the Advanced Energy Technologies Economic Development Act, § 71-7-4 NMSA 1978 (2007 Repl. Pamp.).

which turn a generator and ultimately generates electricity.  Then and
only then can wind a) be reduced to possession and b) have value.

Terry E. Hogwood, *Against the Wind*, 26 Tex. Oil, Gas and Energy Resources Law

Section 6 (Dec. 2001) (footnotes omitted).  *See also* Roderick E. Wetsel, H. Alan

Carmichael, *Current Issues in Wind Energy Law 2009*, 20th Annual Advanced Real

Estate Drafting Course, Texas Bar 2009, p. 17.

The right to "harvest" wind energy is, then, an inchoate interest in the land

which does not become "vested" until reduced to "possession" by employing it for a

useful purpose.[2]  Only after it is reduced to actual wind power can wind energy then

be severed and/or quantified.  *See, e.g., Contra Costa Water Dist. v. Vaquero Farms*, 68

Cal. Rept. 2d 272 (1997).

This analysis is consistent not only with logic but with New Mexico's legal

treatment of the most analogous natural resource, water.  It is long established in New

Mexico that individual rights to water can be acquired only by appropriation and

application of the water to beneficial use.  *Hagerman Irr. Co. v. McMurry*, 113 P. 823

(N.M. Terr. 1911); *Hydro Resources Corp. v. Gray*, 173 P.3d 749, 756 (N.M. 2007).  The

only right obtainable in water is the right to appropriate so much as is actually used for

some beneficial purpose. *Hydro Resources, supra*; *Walker v. United States*, 162 P.3d 882,

888-9 (N.M. 2007).  Once appropriated, the water right may become vested by

---

[2]        Traditionally, unharnessed wind has been viewed as a destructive force which diminishes the value
of the land.  *See, e.g., Wolff v State of Illinois*, 47 Ill. Ct. Cl. 201, 203, 1991 WL 755930 (Ill. Ct. Cl.).

continuous use or lost completely or partially through non-use.  *Walker, supra*; *Albuquerque Land & Irr. Co. v. Gutierrez*, 61 P. 357, 361 (N.M. Terr. 1900), *aff'd*, 188 U.S. 545 (1903).

Respondents, then, have no legal objection to partition on the ground that the future "principal value of the Property appears to be for wind farm development." (Resp. Br. p. 2).[3]  Nor would it necessarily hold that even if the Court accepted Respondent's premise that wind is analogous to minerals *in situ* that partition would be inappropriate.  In a partition proceeding, the party claiming minerals prevent an equitable partition without manifest injury has the burden of demonstrating that the land contains such minerals.  *Sandoval v. Sandoval*, 294 P.2d 278, 281 (N.M. 1956).

## O R D E R

For the above stated reasons, Petitioners' Petition to Partition will be GRANTED.  The parties may suggest the names of appropriate commissioners to go upon the premises and make partition of said land, said names to be submitted on or before April 8, 2009.

---

[3]    In the hypothetical event Petitioners actually build one or more wind propellers, it appears Respondent has traditional common law remedies for any diminution caused to the value of his property.  *See, e.g., Burch v. Nedpower Mount Storm, LLC*, 647 S.E.2d 879, 892 (W. Va. 2007); *Rose v. Chaikin*, 453 A.2d 1378, 1380 (N.J. Super. 1982); *but see Rankin v. FPL Energy, LLC*, 266 S.W.3d 506 (Tex. App. 2008).

**SO ORDERED this 24ᵗʰ day of March, 2009.**

_____
**BRUCE D. BLACK**
**United States District Judge**