IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

MARTIN E. ROMERO and
DENNIS C. ROMERO,

        Petitioners,

v.                                                  No. CIV 08-422 BB/WDS

RONALD BERNELL,

        Respondent and Third-Party Plaintiff,

v.

ELIU E. ROMERO,

        Third-Party Defendant.

## MEMORANDUM OPINION IN SUPPORT OF DISMISSING THE THIRD-PARTY COMPLAINT AND MOOTING REALIGNMENT AND ORDER

**THIS MATTER** is before the Court on the *Motion to Dismiss Third-Party Complaint* [Doc. 54] and the *Motion to Realign Parties* [Doc. 60]. For the reasons stated herein, the *Motion to Dismiss Third-Party Complaint* will be Granted, and the *Motion to Realign Parties* is therefore moot.

## *Discussion*

Petitioners Martin E. Romero and Dennis C. Romero ("Petitioners") filed this partition action in the Eighth Judicial District Court in Taos County, New Mexico, seeking partition of Section 11, T27N, R10E, Taos County, New Mexico (the "Property"). Petitioners allege they own an undivided 50% interest in the Property as co-tenants; Respondent Ronald Bernell owns the other 50% undivided interest. Bernell removed the action to this Court and in September 2007 moved to join Eliu Romero as a real party in interest. A hearing was held on the motion and based on a letter of November 26, 2007, from Eliu Romero to Ronald Bernell representing Mr. Romero was a one-half-interest owner in the property, this Court granted the motion and Eliu Romero was joined as a Third-Party Defendant. On November 25, 2008, Eliu Romero filed a Disclaimer of Interest disclaiming "any and all right, title and interest in and to the real property." [Doc. 45]. On January 13, 2007, Eliu Romero filed a Motion to Dismiss the Third-Party Complaint indicating his letter to Mr. Bernell was a mistaken attempt to advance the interests of his sons, the Petitioners herein.

Section 42-5-2 NMSA 1978 (2007 Comp.) provides:

> <u>Every person having an interest in the premises</u>, whether having possession or otherwise, or whether such interest be based upon the common source of title or otherwise, <u>shall be made a party</u> to such complaint, and in cases where one or more of such parties shall be unknown, or the share or quantity or interest of any of the parties is unknown to the plaintiff, or when such shares or interest shall be uncertain or contingent, or when there may be any other impediment, so

that such parties cannot be named, the same shall be so stated in the complaint.

(Emphasis added). Based on the Disclaimer filed by Eliu Romero, it does appear he is a "person having an interest in the premises." A person who does not have any interest in the premises is not a necessary party in a partition action. *Harrison v. Prather*, 404 F.2d 267 (5th Cir. 1968); *Green v. Gremaux*, 945 P.2d 903 (Mont. 1997).

Respondent maintains that in spite of the disclaimer Eliu Romero's explanation for the November 2007 "does not stand to reason." (Resp. Br. 3). However, it is not the logic of Eliu Romero's disclaimer, but rather its legal effect which controls the outcome.

The Fifth Circuit Court of Appeals honored a disclaimer on analogous facts. Plaintiff, a Mississippi resident, sued defendant, William Prather, seeking damages for a partition of real estate as well as an accounting and for personalty. Defendant, a Louisiana resident, filed an affidavit disclaiming any interest in the real estate and challenging personal jurisdiction on the other claims. Plaintiff argued that since William Prather was involved in transactions with his brother, Cory Prather, involving the personal property, as to the real estate "it is uncertain as to the ownership of defendant's [Williams'] interest in the Wollard Tract." 404 F.2d at 270. The District Court for Northern Mississippi dismissed William Prather and the Fifth Circuit adopted the District Court's opinion which held:

> [A]n action for the partition of land, by its very nature, presupposes that all the parties therein have some incident of ownership in the land sought to be divided. ... For obvious reasons, persons having no title or interest

**in land sought to be partitioned are neither necessary nor proper parties to a partition action or suit.**

**In the present case the defendant, William Prather, has, as a matter of record, denied any incident of ownership in the land for which partition is sought. Thus, by this denial, he would be precluded from claiming any portion of the land to be divided. The fact that this defendant's denial of ownership is traversed by the plaintiff in his affidavit, has no effect on this conclusion, which is clearly one of law. As far as the partition aspects of this action are concerned, the plaintiff can have no complaint in an adjudication that the defendant, William Prather, as a result of his denial of ownership in the land sought to be partitioned, can receive no portion of the property divided.**

**404 F.2d at 271.**

Likewise, Defendant Bernell can have no complaint that Eliu Romero, "as a result of his denial of ownership in the land sought to be partitioned, can receive no portion of the property divided." Eliu Romero is therefore not a proper party.

## O R D E R

For the above stated reasons, the *Motion to Dismiss Third-Party Complaint* is GRANTED, and the Respondent/Third-Party Plaintiff's *Motion to Realign* is DENIED as moot.

SO ORDERED this 31st day of March, 2009.

                                                                             **BRUCE D. BLACK**
                                                                             **United States District Judge**